UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RJM, a minor by his mother LaQuisha J. Moore, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | 1:07-cv-385-SEB-TAB |
| | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

**Entry Discussing Application for
Attorney Fees under the Equal Access to Justice Act**

The underlying action for judicial review of the Commissioner's determination that plaintiff RJM was not eligible for child's Supplemental Security Income ("SSI") was remanded because of errors committed by an Administrative Law Judge ("ALJ"). The plaintiff has filed a motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons explained in this Entry, RJM's motion (dkt 28) is **granted in part and denied in part.**

**I.**

RJM first applied for child's SSI benefits in 2003. After a hearing, his application was denied by an ALJ on May 21, 2004. RJM sought judicial review. On January 13, 2006, Judge Tinder reversed the ALJ's decision and remanded the case for a new hearing and decision. A second hearing was held and on June 20, 2006, the ALJ again denied benefits. RJM sought judicial review and on March 27, 2008, this court reversed and remanded the case for further consideration.

The EAJA provides that a successful litigant against the federal government is entitled to recover his attorneys' fees if: 1) he was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The Commissioner does not argue that the government's position in this case was substantially justified. Rather, he only opposes the amount of fees sought by RJM's counsel.

**II.**

RJM's counsel seeks an award of $6,487.65 for 39.25 hours of legal work at the hourly rate of $165.00 in 2007 and $168.80 in 2008. He seeks an award for 36.25 hours at the rate of $165.00 and three hours at the rate of $168.00. The Commissioner does not oppose the hourly rates sought by RJM nor does he oppose the request of fees for the twenty hours expended on the initial brief in 2007. The Commissioner objects only to ten hours of time spent on the reply brief in 2007, totaling $1650.00. The Commissioner argues that the reply brief covered many of the same issues as the initial brief and therefore it was unreasonable and excessive to spend ten hours on the reply. The Commissioner suggests that a reasonable amount of time to prepare the reply brief would have been between two to three hours.

RJM asserts that the hours expended are reasonable based on other cases in the Seventh Circuit. The court disagrees with this rationale. Comparing other cases solely on the number of attorney hours expended, without more, does nothing to support a finding of reasonableness in this case. The complexity, number and types of issues, the size of the underlying record, and other factors cannot be compared based only on the numbers of hours spent. "We do not believe that a comparison of raw numbers of hours is helpful in determining whether the hours here were 'reasonably expended.'" *Tchemkou v. Mukasey,* 517 F.3d 506, 511 (7th Cir. 2008).

When reviewing an EAJA award, the court "must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." *Id.* at 510 (internal quotations and citations omitted). The unpublished Seventh Circuit decision relied upon by RJM does not govern these circumstances other than to point out the principle, which the court acknowledges, that a court must not arbitrarily reduce requested hours without a clear explanation. *See Strickland v. Barnhart*, 141 Fed. Appx. 477, 2005 WL 1655855 (7th Cir. 2005).

In awarding fees, the district court has the discretion and the duty to determine the number of hours that were reasonably expended on the case at hand. *Hensley v. Eckerhart*, 461 U.S. 424, 432-33 (1983). "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434.

Having compared the initial brief in this case with the reply brief, the court notes that for the most part in the reply RJM referred the court to pages in his earlier brief and did not entirely duplicate the initial brief. RJM appears to have directed his reply brief to the Commissioner's arguments. The one clear exception to this was the fact that on pages 3, 5 and 6 of his 12 page reply, RJM repeated his contention that the ALJ should have discussed Listings 112.02, 112.03, and 112.08. RJM cited identical pieces of evidence in both briefs. The court disposed of these claims in a footnote because RJM's citations to the record had completely failed to support his argument. Even having been faced with the Commissioner's argument that RJM had failed to present evidence establishing that his impairments met or equaled those listings, RJM did not take the cue and merely repeated this undeveloped argument. RJM failed to link any evidence to the precise criteria of each listing, as pointed out by the Commissioner. The court ruled that "[t]he ALJ was not required to discuss listings for which no evidence existed, and, therefore, this

contention of error has no merit." *Entry Discussing Complaint for Judicial Review* at footnote 3, page 3. Making and repeating this unsupported claim that his impairments satisfied numerous listings was not a reasonable expenditure of time.

The court must exclude hours that were not reasonably expended. The 10 hours sought for work on the reply brief shall be reduced by 25 percent, yielding a reduction of 2.5 hours in the amount of $412.50. This results in an adjusted award for a subtotal of $1237.50 for the reply brief. This reduces the total number of hours to 36.75.

In his reply to the Commissioner's objection to fees, RJM adds to his request $1,000 for "approximately five hours" spent in the preparation of that reply. RJM does not specify beyond an approximation how much time was spent, when, and by whom. The six page reply cited only two cases, one of which RJM had cited in his initial motion. There is no indication that the reply required extensive research. Rather, RJM refers the court to a list of cases contained in the initial motion seeking fees. Most of the six pages consisted of narrative responses to the Commissioner's objections, not relying on specific legal precedent. The court further notes that RJM's counsel spent a *total of two hours* on the initial motion for fees, affidavit, memorandum in support and tendered order. Under these circumstances, expending "approximately five hours of time" was not reasonable nor was such request adequately documented. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. In addition, even if five hours were expended by counsel, at $168.80 an hour, the total would be $844.00, not $1,000. Such an imprecise and exaggerated request will not be granted. Rather than deny the request in its entirety, the court finds that one hour of time is a reasonable award for the work done on the reply to the Commissioner's objection to the fee request. The court, therefore, awards $168.80 in fees for time spent on that reply.

**III.**

Accordingly, RJM's motion for the award of attorney fees under the EAJA (dkt 28) must be, and is now, **granted in part and denied in part**, as follows:

1. The plaintiff is entitled to recover for 37.75 hours of attorney work; and

2. The plaintiff shall recover compensation for 33.75 hours at an hourly rate of $165.00, and shall recover compensation for 4 hours at an hourly rate of $168.80, for a total of $6,243.95.

The court will make that award by entry of a separate order immediately, as required by Rule 54(d)(2) of the *Federal Rules of Civil Procedure*.

**IT IS SO ORDERED.**

Date: 07/30/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana